[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
This is defendant Stamford Towers Limited Partnership's motion to strike that part of plaintiff's complaint insofar as it names the partnership as a defendant.
The plaintiff Prosoco, Inc. filed a mechanic's lien on property CT Page 576 owned by Stamford Towers Ltd. Partnership, due to unpaid bills for materials supplied by the plaintiff to the subcontractor, Mario Orgera. Subsequently, plaintiff became the obligee on a surety bond posted by Felix Equities, Inc. with the Hartford Insurance Company as surety.
Connecticut General Statutes 49-37 (a):
 Whenever any mechanic's lien has been placed upon any real estate pursuant to Sections 49-33, 49-34 and 49-35, the owner of that real estate, or any person interested in it, may make an application to any judge of the superior court that the lien be dissolved upon the substitution of a bond with surety . . .
Id.
The defendant Stamford Towers Limited Partnership argues that it is no longer a proper party to this suit since the bond has been substituted for the lien.
The recent Superior Court case of Orgera v. Stamford Towers Limited Partnership, 2 CT LR 605 (December 10, 1990, Lewis, J.) addresses the same issue and concerns one of the same defendants. In that case Judge Lewis granted the motion to strike, agreeing with the defendant that it was no longer a party to the suit because the mechanic's lien had been replaced by the surety bond.
Accordingly, defendant Stamford Towers Limited Partnership's motion to strike that part of plaintiff's complaint as names Stamford Towers a defendant is granted.
RYAN, JOHN J.P., JUDGE